# Wytheville.

## JONES v. COMMONWEALTH.

### JUNE 19th, 1890.

CRIMINAL PROCEEDINGS—*Indictment—Venue—Demurrer.*—Where one count in an indictment fails to state that the offence charged occurred in the county wherein the indictment was found, a demurrer to the indictment and each count thereof should be sustained.

Error to judgment of circuit court of Wise county affirming the judgment of the county court of said county, whereby Robert Jones, the plaintiff in error, was sentenced to confinement in the penitentiary for the term of one year, in accordance with the verdict upon the trial of an indictment against him for maliciously shooting, &c., one Pat Fugate. Opinion states the case.

*J. C. Richmond,* for the plaintiff in error.

*Attorney-General R. Taylor Scott,* for the commonwealth.

FAUNTLEROY, J., delivered the opinion of the court.

There are no questions of fact, involving the guilt or innocence of the plaintiff in error, presented in the record.

Robert Jones, the prisoner, was indicted for shooting and wounding one Pat Fugate, with intent to maim, disable, disfigure and kill, which indictment contains two counts; and the prisoner, upon his arraignment, demurred to the said indict-

ment, and to each count thereof; but the county court over-
ruled the said demurrer, which action of the court is assigned
as error.   There is no objection to the first count in the indict-
ment, specially ; but it is alleged as error, that the second count
is defective, in not stating that the offence charged was com-
mitted in the county of Wise and state of Virginia.

The indictment is as follows :

"Virginia—Wise county, to-wit: The jurors of the grand
jury of the commonwealth of Virginia, empaneled and sworn
in and for the body of Wise county at a term of the county
court of said county, commencing on Tuesday, the 25th day
of March, 1890, and now attending upon said court, upon their
oaths present that Robert Jones did on the — day of ———,
18—, in the said county of Wise, with a certain pistol, then
and there loaded with gunpowder and leaden bullets, feloni-
ously and maliciously, did shoot one Pat Fugate, then and
there being, with intent him the said Pat Fugate then and
there to maim, disfigure, disable and kill, against the peace and
dignity of the commonwealth of Virginia.   And the jurors
aforesaid do further present that the said Robert Jones in and
upon him, the said Pat Fugate, did make an assault, and him
the said Pat Fugate, he, the said Robert Jones, did, then and
there, feloniously and maliciously wound, with intent him, the
said Pat Fugate, then and there to maim, disfigure, disable and
kill, against the peace and dignity of the commonwealth of
Virginia."

We think that this second count is defective, in not stating
that the offence therein charged was committed in the county
of Wise and state of Virginia, and also in not stating the
instrument or weapon used in inflicting the wound; and that
the court erred in overruling the demurrer to this count.   *Hen-
dricks* v. *Commonwealth*, 75 Va., 934.

We think, too, that the court erred in overruling the pris-
oner's motion in arrest of judgment; because the verdict was
a general verdict of guilty, under the indictment containing

two counts, the second of which is radically defective; and there having been a demurrer to each count overruled. *Mowbray* v. *Commonwealth*, 11 Leigh, 674; *Clere* v. *Commonwealth*, 3 Gratt., 586.

For these errors, the judgment complained of must be reversed and annulled, and the prisoner must be awarded a new trial.

JUDGMENT REVERSED.